When a judgment is entered against an executor or administrator, though it be generally, to be levied de bonis testatoris, without saying anything of assets in futuro, that judgment must be satisfied prior to any subsequent one. The executor may have suffered it, knowing assets would afterwards come to his hands sufficient to satisfy it. By admitting assets he has made himself absolutely liable to the debt. Shall he be abolutely [absolutely] liable, and yet not permitted by law to reimburse himself out of assets? Must he pay the former judgment out of his own pocket, though he has assets in his hands sufficient to satisfy it? Suppose he had paid this judgment, or the debt before judgment, with his own money, trusting to the coming in of assets for his reimbursement, would he not thereby have entitled himself to retain assets to that amount when they should come into his possession? If he could thus reimburse himself, having paid the debt or judgment, why not, when he has made himself liable to the payment of it? It is well known, an executor may plead judgments obtained against him when subsequently sued, and there is no instance of a replication that the assets came to hand after the judgments were obtained.
Some of the bar, not concerned, expressed a clear opinion that the £ 15 should be applied to the latter judgment, whereupon the Court took *Page 367 
time to advise; and afterwards, the cause being again mentioned, HAYWOOD, J., said he continued to be of the same opinion he was the other day. There were not many authorities in point. He had, however, found one in 12 Mod., 196, where it is laid down that the pleading of the judgment is a protection of the assets which you have or may have, until the judgment be satisfied.